```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

AMERICAN MARICULTURE, INC.,
a Florida corporation and
AMERICAN PENAEID, INC.,

      Plaintiffs,

v.                                    Case No: 2:20-cv-711-JES-MRM

SYAQUA AMERICAS, INC., a
Florida corporation and
SYAQUA GROUP PTE. LTD.,

      Defendants.

## OPINION AND ORDER

This matter comes before the Court on plaintiffs' Renewed Motion to Strike Defendant Syaqua Americas, Inc.'s Answer and Affirmative Defenses (Doc. #72) filed on July 29, 2021. Syaqua filed a Response in Opposition (Doc. #76) on August 12, 2021.

On July 27, 2021, the Court issued an Order (Doc. #71) denying plaintiffs' first motion to strike for failure to comply with Local Rule 3.01(g), but noting as follows:

> Motions to strike are generally disfavored due to their drastic nature. Id.; see also Hamblen [v. Davol, Inc., No. 8:17-cv-1613-T-33TGW, 2018 WL 1493251, at *3 (M.D. Fla. Mar. 27, 2018)]; Royal Ins. Co. of Am. v. M/Y Anastasia, No. 95-cv-30498, 1997 WL 608722, at *3 (N.D. Fla. Jan. 30, 1997).
>
> Courts in this District have held that "[a]n affirmative defense will only be stricken . . . if the defense is 'insufficient as a matter

> of law.'" Hamblen, 2018 WL 1493251, at *3 (quoting Microsoft Corp. v. Jesse's Computs. & Repair, Inc., 211 F.R.D. 681, 683 (M.D. Fla. 2002)). An affirmative defense is insufficient as a matter of law if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law. Jesse's Computs. & Repair, Inc., 211 F.R.D. at 683.
>
> United States Sec. & Exch. Comm'n v. Spartan Sec. Grp., LTD, No. 8:19-cv-448-T-33CPT, 2019 WL 3323477, at *1-2 (M.D. Fla. July 24, 2019). Additionally, the Court notes that no prejudice from the delay has been shown.

(Id., p. 2.) Plaintiffs elected to file a second motion, which is now before the Court.

Plaintiffs argue that paragraphs 1, 4-6, 9-13, 15-19, 21-23, and 33 are mere denials and therefore should be stricken as insufficient and redundant. "However, when a defendant labels a specific denial as an affirmative defense, the proper remedy is not to strike the defense, but instead to treat it as a denial." Adams v. Jumpstart Wireless Corp., 294 F.R.D. 668, 671 (S.D. Fla. 2013) (citations omitted). The Court will not strike these defenses but treat them as mere denials.

Relying on the undersigned's 2014 Opinion and Order, Colon v. Wal-Mart Stores, Inc., No. 2:13-CV-464-FTM-29, 2014 WL 1588463, at *1 (M.D. Fla. Apr. 21, 2014), finding "[a]ffirmative defenses must follow the general pleading requirements contained in Rule 8 of the Federal Rules of Civil Procedure", plaintiffs argue that none of the affirmative defenses contain sufficient facts to provide

fair notice.  "Fully half do not qualify as affirmative defenses (and state no facts), while the other half constitute conclusory allegations without any stated factual support."  (Doc. #72, p. 7.)

This action was filed in 2020, under the previous Track Two Notice and Corporate Disclosure Order (Doc. #6) and before the adoption of the Fort Myers Division's Civil Action Order issued in all cases.  In the Civil Action Order, the Court specifically directs the "movant must review Yellow Pages Photos, Inc. v. Ziplocal, LP, No. 8:12-cv-755-T-26TBM, 2012 WL 12920185 (M.D. Fla. Sept. 17, 2012), and United States Sec. & Exch. Comm'n v. Spartan Sec. Grp., LTD, No. 8:19-cv-448-T-33CPT, 2019 WL 3323477 (M.D. Fla. July 24, 2019), and then explain in the motion why the requested relief is warranted notwithstanding the rationale and authorities cited therein."  See attached Civil Action Order.

> In the Court's view, Plaintiff has failed to establish that the affirmative defenses have no possible relationship to the controversy, may confuse the issues, or otherwise cause prejudice to Plaintiff. See United States v. MLU Serv., Inc., 544 F. Supp. 2d 1326, 1330 (M.D. Fla. 2008) (observing that a motion to strike under Rule 12(f) of the Federal Rules of Civil Procedure should only be granted if the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party) (quoting Reyher v. Trans World Airlines, Inc., 881 F. Supp. 574, 576 (M.D. Fla 1995)). As the Court in MLU Services further explained, "[b]ecause this standard is rarely met, '[m]otions to strike are generally disfavored by the Court and are often

>>considered time wasters.'" 544 F. Supp. 2d at 1330 (quoting Somerset Pharm., Inc. v. Kimball, 168 F.R.D. 69, 71 (M.D. Fla. 1996)). Additionally, this Court favors the view of other district courts that the pleading requirements of Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) do not apply to affirmative defenses. See Chevron Corp. v. Donzinger, --- F. Supp. 2d ----, 2012 WL 3538749, at *16, n.201 (S.D.N.Y. July 31, 2012) (explaining the differing views of district courts nationwide on the application of Twombly and Iqbal to the pleading of affirmative defenses). Plaintiff may renew its objections to the affirmative defenses within the context of a motion for summary judgment after the close of discovery.

Yellow Pages Photos, Inc. v. Ziplocal, LP, No. 8:12-CV-755-T-26TBM, 2012 WL 12920185, at *1 (M.D. Fla. Sept. 17, 2012). The Court finds that the affirmative defenses are sufficiently stated and there is no argument that any of them are frivolous.

Accordingly, it is hereby

**ORDERED:**

Plaintiffs' Renewed Motion to Strike Defendant Syaqua Americas, Inc.'s Answer and Affirmative Defenses (Doc. #72) is **DENIED**.

**DONE and ORDERED** at Fort Myers, Florida, this __24th__ day of August 2021.

_/s/ John E. Steele_
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record